IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MATTHEW HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:17-cv-01413 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| JUAN MARCOS GONZALEZ, et al., | ) | MAGISTRATE JUDGE FRENSLEY |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Pending before the Court is a Partial Motion to Dismiss filed by Officers Simmonds, Smith, and Moser. (Doc. No. 86). Plaintiff filed a consolidated response addressing this motion and two additional motions to dismiss filed by separate defendants in this case. (Doc. No. 98). All defendants filed a consolidated reply (Doc. No. 100). For the reasons stated herein, the Partial Motion to Dismiss is **DENIED**.

### I. FACTUAL BACKGROUND

Plaintiff's claims against all defendants revolve around four separate incidents with officers and detectives of the Metropolitan Nashville Police Department and are detailed in Plaintiff's Amended Complaint (Doc. No. 29) and Defendant's Motion to Dismiss (Doc. No 98). The claims against Officers David Simmonds, David Smith, and David Moser arise from a single incident in March 2018. Accordingly, the Court only includes the details of that encounter in this memorandum.

On March 8, 2018, Metro Nashville Police Officers Simmonds, Smith, and Moser responded to an anonymous call stating that a woman was being beaten on the street outside of Plaintiff's residence. (Doc. No. 29 ¶¶ 66-67). When they arrived, the woman, identified as

Plaintiff's girlfriend, told officers that she and Plaintiff had been involved in a verbal argument but that she had not been beaten. (*Id*. ¶¶ 69-71). The officers interviewed Plaintiff while he was in his home, and both he and a witness stated that the alleged victim was under the influence of a controlled substance and had stolen some of Plaintiff's prescription medication. (*Id*. ¶ 71). Plaintiff states that he showed officers evidence of the woman attacking him, including his torn shirt, but when they asked to see the footage from the cameras around his residence, he refused to allow them to enter his home and stated that he would provide them with the footage at a later date. (*Id*. ¶¶ 74-75). Plaintiff states that he told the officers that he would sue them if they entered his home. (*Id*. ¶ 76). Officers Simmonds, Smith, and Moser subsequently entered Plaintiff's home and placed him under arrest for domestic assault. (*Id*. ¶¶ 78, 81). Plaintiff alleges that the officers fabricated reports and ignored testimony of witnesses so that they could arrest him in retaliation for his lawsuits against Metro Nashville. (*Id*. ¶¶ 81 – 84).

Plaintiff's Amended Complaint alleges that: Defendants engaged in First Amendment retaliation by arresting him and charging him with domestic assault (Count I); Defendants deprived him of liberty and property without due process (Count II); and Defendants arrested him without probable cause (Count IV). Defendants now move under Rule 12(b)(6) to dismiss Counts I and IV on the grounds of qualified immunity and collateral estoppel.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

## III. ANALYSIS

### A. Qualified Immunity

Defendants raise the affirmative defense of qualified immunity. Qualified immunity is an "immunity from suit" available to government officials performing discretionary functions. *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Qualified immunity protects government officials from civil damages "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *Reich v. City of Elizabethtown, Ky.*, 945 F.3d 968, 977 (6th Cir. 2019) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018)). Once raised by the defendant, the plaintiff bears the burden to show qualified immunity does not apply. *Id*. at 978.

Courts have recognized, however, that this inquiry is "a low bar, given that granting qualified immunity at the motion to dismiss stage is usually disfavored." *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020). "To survive the motion to dismiss on qualified-immunity grounds, the plaintiff must allege facts that 'plausibly mak[e] out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right.'" *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016) (quoting *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015)). Additionally, when more than one individual is involved in the alleged conduct, Plaintiff must "allege with particularity facts that demonstrate what each defendants did to violate the asserted constitutional right." *Id*. (internal quotations omitted). "The test is whether, reading the complaint

3

in the light most favorable to the plaintiff, it is plausible that an official's acts violated the plaintiff's clearly established right." *Id*. (quoting *Heyne v. Metro. Nashville Pub. Sch.,* 655 F.3d 556, 562–63 (6th Cir. 2011)).

Defendants invoke qualified immunity on Plaintiff's First Amendment retaliation claim (Count I) and on his Fourth Amendment false arrest claim (Count IV). The Court will address each alleged constitutional violation in turn.

1. Count I: First Amendment Retaliation

Plaintiff alleges that the Officer Defendants retaliated against him by falsely arresting him and by falsely charging him with domestic assault.

i. Constitutional Violation

To state a claim for First Amendment retaliation, Plaintiff must show:

> (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by his protected conduct.

*Sensabaugh v. Halliburton*, 937 F.3d 621, 627-28 (6th Cir. 2019) (internal citations omitted).

Plaintiff has clearly met the first element. He alleges that he engaged in his constitutionally protected right to "petition the Government for a redress of grievances." U.S. Const. amend. I; *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (collecting cases observing that access to the courts is a constitutionally protected right under the First Amendment) (overruled on other grounds). On this point, the Court finds that Plaintiff has plausibly alleged that he engaged in protected conduct by previously suing Metro and its officers for violating his civil rights. (*See* Doc. No. 29 ¶¶ 22, 42, 64, 77).

Next, Plaintiff must plausibly allege an adverse action "that would deter a person of ordinary firmness from continuing to engage" in the protected conduct. *Sensabaugh*, 937 F.3d at

4

Case 3:17-cv-01413   Document 104   Filed 04/04/22   Page 4 of 9 PageID #: 1552

627-28. "But it is not necessarily true that every action, no matter how small, is constitutionally cognizable as an adverse action." *Id.* (cleaned up) (internal quotations omitted). This standard is "an objective inquiry, capable of being tailored to the different circumstances in which retaliation claims arise." *Thaddeus-X*, 175 F.3d at 398. Here, Plaintiff alleges that all three officers entered his home and arrested him for domestic assault notwithstanding statements by Plaintiff and witnesses that he had not assaulted anyone. (Doc. No. 29 ¶ 79). Viewing the facts in the light most favorable to the Plaintiff, he has plausibly alleged an adverse action that would deter a person of ordinary firmness from continuing to seek redress of his grievances.

Defendants argue that Plaintiff cannot meet this standard because he was not, in fact, deterred from filing subsequent lawsuits against Metro. This argument ignores the objective nature of the standard articulated by the Sixth Circuit. *See Fritz v. Charter of Tp. Of Comstock*, 592 F.3d 718, 728 (6th Cir. 2010) ("However, the test is whether a person or ordinary firmness would be deterred; actual deterrence on the part of the plaintiff is not necessary to state a claim of an adverse action." (citing *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002))). Accordingly, the Court does not find the assertion that Plaintiff was not actually deterred defeats his pleading of an adverse action.

Finally, Plaintiff must plausibly allege a causal connection between his protected conduct and the adverse action. Here, Plaintiff alleges that he told officers that he had not assaulted anyone and that was only arrested after telling officers that he would sue them for violating his civil rights "as he had done before." (Doc. No. 29 ¶ 76). He further alleges that the all three officers were already aware of his prior lawsuits when they decided to arrest him. (*Id*. ¶ 77). At this stage, Plaintiff has plausibly alleged that the adverse action "was motivated at least in part by the plaintiff's protected conduct." *Fritz*, 592 F.3d 723 (internal citation omitted).

5

Defendants argue that Plaintiff cannot show a constitutional violation because he hasn't shown that the officers lacked probable cause for his arrest. They argue that Plaintiff cannot show a lack of probable cause because he subsequently pleaded "Best Interest"—commonly called an Alford Plea—to the charges for which the officers arrested him. Defendants appear to be raising a *Heck* argument. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). However, Defendants do not address either the preclusive effect of a "best interest" plea as opposed to a guilty plea, nor do they address the applicability of a purported preclusive effect in the context of a First Amendment retaliation claim. Absent such argument, the Court declines to consider this proposition at this stage. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to…put flesh on its bones.").

Having considered the elements of Plaintiff's First Amendment retaliation claim, the Court finds that he has plausibly alleged a constitutional violation. The Court now turns to the second prong of the inquiry.

    ii. <u>Clearly Established</u>

The Court must consider whether Plaintiff's right to be free of retaliatory conduct for exercising his First Amendment rights was clearly established at the time. The Court need not look far to find that it is. "The law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions…for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006). Accordingly, this prong of the analysis is satisfied.

The Court having found that Plaintiff has plausibly alleged both a constitutional violation and that the right was clearly established finds that the Officer Defendants are not entitled to qualified immunity on Plaintiff's First Amendment claim at this stage.

6

Case 3:17-cv-01413    Document 104    Filed 04/04/22    Page 6 of 9 PageID #: 1554

### 2. Count IV: Fourth Amendment False Arrest Claim

Plaintiff alleges that Defendants violated his Fourth Amendment rights when they arrested him without probable cause. "The constitutional right to freedom from arrest in the absence of probable cause is clearly established" within the Sixth Circuit. *Courtright v. City of Battle Creek*, 839 F.3d 513, 520 (6th Cir. 2016). Accordingly, to survive the Officer Defendant's motion to dismiss, Plaintiff must plausibly allege a violation of that constitutional right. *Id*. at 520-21. Plaintiff does so by alleging sufficient facts to show that his arrest was not supported by probable cause. *Id*. At this stage, courts find that an officer has probable cause for an arrest if, at the time of the arrest, "the facts and circumstances within the officer's knowledge and of which [he] had reasonably trustworthy information are sufficient to warrant a prudent man in believing that the plaintiff had committed or was committing an offense." *Wesley*, 779 F.3d at 429. The Court's examination is based on the "totality of the circumstances," taking into account "both the inculpatory and exculpatory evidence." *Id*. (quoting *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000)).

Plaintiff alleges that on March 8, 2018, Officers Smith, Moser, and Simmonds arrived at his home in response to an anonymous call that a woman was being beaten in the street. (Doc. No. 29 ¶ 66). Plaintiff alleges that, despite statements to the officers from Plaintiff, two witness, and the alleged victim that no one had been beaten in the street or elsewhere, the officers placed Plaintiff under arrest. (*Id*. ¶¶ 68-70, 74, 78, 80).[1] At this stage, Plaintiff has plausibly alleged that Defendants ignored exculpatory evidence and arrested Plaintiff without probable cause.

---

[1] Plaintiff alleges that the Defendants arrested him for "a supposed misdemeanor." (Doc. No. 29 ¶ 78). While he does not expressly state on what charge he was arrested, he subsequently states that he was charged with domestic assault. (Id. ¶ 81). In Tennessee, domestic assault is a misdemeanor offense. *See* Tenn. Code. Ann. § 39-13-111.

7

Defendants again urge the Court to consider Defendant's "best interest" plea and determine that the Defendants had probable cause for the arrest. At this stage, the Court has found that Plaintiff has plausibly alleged his claim. Defendants do not address the propriety of considering collateral materials under the qualified immunity analysis at the motion to dismiss stage. The Court declines to undertake such an inquiry.

Because Plaintiff has plausibly alleged the violation of a clearly established right, Defendants are not entitled to qualified immunity at this stage on either Plaintiff's First Amendment or his Fourth Amendment claim.

**B.     Collateral Estoppel**

In addition to qualified immunity, Defendants move to dismiss Plaintiff's claims against them in Counts I and IV on the grounds that they are barred under the doctrine of collateral estoppel. Collateral estoppel, also referred to as issue preclusion, is a judicially created affirmative defense that prevents a party from relitigating an issue of law or fact that a prior case has already resolved. *See George v. Hargett*, 879 F.3d 711, 718 (6th Cir. 2018); *Gilbert v. Ferry*, 413 F.3d 578, 579 (6th Cir. 2005). Because collateral estoppel is an affirmative defense, the Defendants bear the burden of proving it applies in this case. *See Spilman v. Harley*, 656 F.2d 224, 229 (6th Cir. 1981). Generally, four requirements must be met before issue preclusion applies:

> "(1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding."

*Ga.-Pac. Consumer Prods. LP v. Four-U-Packaging, Inc.*, 701 F.3d 1093, 1098 (6th Cir. 2012).

Defendants do not address the foregoing elements or explain how they are satisfied in the present case. Instead, they address the elements of each of Plaintiff's constitutional claims and

argue that the Plaintiff cannot prove a lack of probable cause. Absent Defendants carrying their burden on this issue, the Court declines to consider the argument.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Partial Motion to Dismiss is **DENIED**.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

9

Case 3:17-cv-01413   Document 104   Filed 04/04/22   Page 9 of 9 PageID #: 1557