IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MATTHEW HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:17-cv-01413 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| JUAN MARCOS GONZALEZ, et al., | ) | MAGISTRATE JUDGE FRENSLEY |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Pending before the Court is the Metropolitan Government of Nashville and Davidson County's ("Metro") Motion to Dismiss (Doc. No. 88). Plaintiff filed a consolidated response addressing this motion and two additional motions to dismiss filed by separate defendants in this case. (Doc. No. 98). All defendants filed a consolidated reply (Doc. No. 100). For the reasons stated herein, Metro's Motion will be **GRANTED**.

### I.      FACTUAL BACKGROUND

Plaintiff's claims revolve around four incidents with officers and detectives of the Metropolitan Nashville Police Department. Plaintiff alleges that in October 2016 officers arrested him for assault and vandalism without probable cause and in March 2018 officers arrested him for domestic assault without probable cause. He also alleges that in September 2017 and February 2018 detectives failed or refused to prosecute a woman who he alleges stole his property and another woman who he alleges slashed his tires.

As a result of these incidents Plaintiff filed this lawsuit against certain named officers and against Metro alleging violations of his rights under 42 U.S.C. § 1983. Plaintiff brings a claim of First Amendment Retaliation (Count I); a claim of due process violations (Count II); a Fourth

Amendment warrantless entry claim (Count III); and a Fourth Amendment false arrest claim (Count IV). Plaintiff alleges that Metro is liable on all Counts under a theory of municipal liability.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1) [1]

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). When a Rule 12(b)(1) motion contests jurisdiction factually, the court must weigh the evidence in order to determine whether it has the power to hear the case, without presuming the challenged allegations in the complaint to be true. *Id.*; *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). However, if a Rule 12(b)(1) motion challenges subject matter jurisdiction based on the face of the complaint, as this one does, the plaintiff's burden is "not onerous." *Musson Theatrical Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). A court evaluating this sort of facial attack to the assertion of subject matter jurisdiction must consider the allegations of fact in the complaint to be true and evaluate jurisdiction accordingly. *Gentek*, 491 F.3d at 330.

### B. Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the

---

[1] Despite their challenge to Plaintiff's standing, Defendants omit the standard of review for motions to dismiss under Rule 12(b)(1).

light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

### III.   ANALYSIS

Plaintiff asserts that Metro violated his constitutional rights and seeks relief under 42 U.S.C. § 1983. Municipalities cannot be held liable under Section 1983 on a respondeat superior theory. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)). To find a municipality liable for a constitutional violation under Section 1983, a plaintiff must show both a violation of a constitutional right and that the "moving force" behind the alleged violation was a municipal policy or custom. *Id.* A plaintiff has four available methods of proving a policy or custom. He must show:

> (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Wright v. City of Euclid, Ohio*, 962 F.3d 852, 880 (6th Cir. 2020) (quoting *Jackson v. City of Cleveland*, 925 F.3d 973, 828 (6th Cir. 2019)).

Plaintiff alleges that Metro is liable on all four counts in his complaint because: (1) they generally fail to discipline their officers; (2) they have a custom of retaliating against people who get "on the bad side of the Department;" (3) they have a custom or policy of not requiring officers to preserve or record exculpatory evidence; (4) they have a custom of "allow[ing] multiple armed

officers to encroach upon the curtilage of a home, in dark of night, without any warrant, in order to look for grounds to arrest" occupants; (5) they have a custom of intruding into homes to settle landlord/tenant disputes or of assisting trespassers in their efforts to gain entry into citizens' homes; and (6) they have a policy of requiring that someone be arrested as a result of any domestic violence call "regardless of whether that arrest takes place in a home." (Doc. No. 29). Plaintiff also contends that Metro is liable because it utilizes a Civil Service Commission which inhibits its ability to properly discipline its officers and because it utilizes a private prison system which gives officers a financial incentive to arrest people.

Metro moves to dismiss the complaint on the grounds that Plaintiff lacks standing to pursue certain claims, that he has suffered no constitutional violation, and that he has not adequately alleged a municipal policy or custom.

**A.    Standing**

As an initial matter, the Court addresses the issue of standing. Metro moves to dismiss Plaintiff's claims against it that are predicated on the non-prosecution of third parties. By previous order, the Court found that Plaintiff lacked standing to bring his First Amendment retaliation claim against Detectives Hargrave and Harbin because he does not have a legally protected interest in the prosecution or non-prosecution of third parties. (*See* Doc. No. 102). Accordingly, to the extent Plaintiff's allegation of Metro's custom of retaliation is predicated upon such conduct, it fails.

**B.    Merits**

Metro argues that Plaintiff's Amended Complaint fails to present any well-pleaded factual allegations to support his proposed bases of municipal liability. Plaintiff responds that he has sufficiently supported his claims, but for many of those claims, points only to his legal conclusions regarding municipal liability. (*See* Doc. No. 98 citing Doc. No. 29 ¶¶ 69, 105-08, 112).

4

"[T]he tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Such legal conclusions must be supported by factual allegations. *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly* at 550 U.S. 544, 555 and 557).

All of Plaintiff's proposed bases of municipal liability suffer the same fatal flaw. They are devoid of factual support from which the Court may make any reasonable inferences in Plaintiff's favor. Plaintiff's Amended Complaint details certain encounters with Metro officers and detectives but does not link any of the alleged harms with Metro customs or policies. He merely attaches legal conclusions to each count of his complaint and demands that the court accept these threadbare assertions as true. The Court declines to do so. Because Plaintiff has offered nothing more than these conclusions, his claims of municipal liability against Metro will be dismissed.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE