IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MATTHEW HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:17-cv-01413 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| JUAN MARCOS GONZALEZ, et al., | ) | MAGISTRATE JUDGE FRENSLEY |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is a Motion to Stay and Sever Claims filed by Officers Durham and Gonzalez (Doc. No. 113) and a Motion to Seal (Doc. No. 115) one of the documents related to the Motion to Stay. Plaintiff filed a Response (Doc. No. 117) and Defendants Durham and Gonzalez replied (Doc. No. 118). By order of the Court (Doc. No. 119), Defendants supplemented their motion (Doc. No. 120). The positions of the remaining defendants are not represented in the briefing, and they have not responded to the pending motions.

**I.     MOTION TO SEAL**

As an initial matter, the Court addresses the Motion to Seal, which Plaintiff does not oppose. Courts have considerable discretion in managing their records. *See In re Knoxville News-Sentinel Co., Inc. v. Knoxville Journal Corp.*, 723 F.2d 470, 473 (6th Cir. 1983). "The courts have long recognized, [however], a strong presumption in favor of openness as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). When deciding a motion to seal, the Court weighs the "presumptive right of the public to inspect" judicial material with the interests of privacy. *In re Knoxville News* 723 F.2d at 473-74.

Here, the interests of privacy clearly outweigh the presumptive right of the public to inspect the document Defendants seek to seal. In making this determination, the Court notes that the document is immaterial to the subject matter of this litigation and therefore will not play a role in the Court's decisions on the merits of this case. *See Shane Grp.,* 825 F.3d at 305 (explaining that the public interest is rooted in the principle that "the public is entitled to assess for itself the merits of judicial decisions.") Additionally, it contains materials which may reasonably be sealed in the interest of national security. *See Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (noting that national security may be cause to seal). Finally, the Court finds that the document is not suitable for redaction and therefore shall be sealed in its entirety. *See Shane Grp.*, 825 F.3d at 305 (explaining that the seal must be narrowly tailored to meet the needs of sealing).

Accordingly, the Motion to Seal (Doc. No. 115) is **GRANTED**.

## II. MOTION TO STAY AND SEVER CLAIMS

Defendants Durham and Gonzalez move to stay the claims against them pursuant to the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3932. Defendants additionally move to sever the claims against them from the claims against the remaining defendants—Officers Smith, Moser, and Simmonds—and allow the latter claims to proceed while the former are stayed.

**A.  Motion to Sever**

Federal Rule of Civil Procedure 21 permits courts to sever claims. Factors that the Court considers in deciding whether to sever a claim include:

> (1) whether the claims arise out of the same transaction or occurrence;
> (2) whether the claims present some common questions of law or fact;
> (3) whether settlement of the claims or judicial economy would be facilitated;
> (4) whether prejudice would be avoided if severance were granted; and
> (5) whether different witnesses and documentary proof are required for separate claims.

*Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018). "District courts have broad discretion to determine whether to sever claims when doing so advances the administration of justice." *Productive MD, LLC v. Aetna Health, Inc.*, 969 F. Supp. 2d 901, 940 (M.D. Tenn. 2013).

The first factor weighs in favor of severance. The encounter with the movant Defendants occurred nearly two years before from the encounter with the non-movant Defendants. Plaintiff concedes that these incidents are not part of the same transaction or occurrence. The second factor, however, weighs against severance. Plaintiff's claims against all Defendants are rooted in the same allegations of retaliatory conduct. He alleges that both groups of officers arrested him in order to punish him for exercising his constitutional rights. Accordingly, common questions of law and fact are likely to arise from these separate claims.

The final three enumerated factors also weigh against severance. The Court finds that the interests of judicial economy, potential prejudice to the Plaintiff, and the potential of repeat witnesses and proof weigh against severance. To sever these claims would require Plaintiff to pursue separately actions which have common questions, are likely to involve the same or related evidence, and which are likely to involve the same witnesses. Plaintiff is likely to be prejudiced if forced to pursue his claims separately. Additionally, judicial resources greatly favor allowing the claims proceed together, especially where, as here, the expected duration of the requested stay is approximately four months. Accordingly, Defendants' motion to sever is DENIED.

**B.     Motion to Stay**

Having the determined that the claims shall not be severed, the Court next turns to the motion to stay. Pursuant to the SCRA, when a servicemember moves for a stay, the Court must grant the motion where the servicemember has submitted:

(A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

(B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. § 3932(b)(2).

By previous order, the Court found that Defendants' motion did not meet these statutory requirements and ordered Defendants to supplement the motion. (Doc. No. 119). Defendants have done so, providing a letter from Defendant Gonzalez's commanding officer stating that Defendant is stationed outside of the contiguous United States which makes it "extremely unlikely" that he will be available to participate in the current litigation. The Court finds that the first statutory requirement is met by considering Defendant's motion and deployment documents together. Through the motion, Defendant states that he is unable to participate in defense of this action due to his deployment. The deployment documents provided by Defendant supports his assertions. (*See* Doc. Nos. 113, 116). Defendant is expected to return by November or December 2022.

The Court finds that the statutory requirements have been met. Accordingly, the case must be stayed pending the return of Defendant Gonzalez. *See* 50 U.S.C. § 3932(b)(1). Defendants' motion to stay is GRANTED.

### III. CONCLUSION

For the reasons stated herein, the Motion to Seal (Doc. No. 115) **GRANTED**. The Motion to Stay and Sever (Doc. No. 113) is **GRANTED** in part and **DENIED** in part. The claims shall not be severed. Pending the return of Defendant Gonzalez, this case is **STAYED**, and the case file

4

is administratively closed. The parties shall file a joint notice within 30 days of Defendant Gonzalez's return.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE